IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KELLY STANCHFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY,<br><br>    Defendants. | Case No.: 4:15-cv-00092 |

## NOTICE OF REMOVAL OF CAUSE

Defendant Reliance Standard Life Insurance Company ("Reliance Standard"), by its undersigned counsel, pursuant to 28 U.S.C. §§14421, 1446 and the Local Rules of the United States District Court for the Northern District of Indiana, Lafayette Division, notifies this Honorable Court that the above-entitled cause has been removed from the Tippecanoe Superior Court, State of Indiana, and in support of said notice, states as follows:

## BACKGROUND

The Summons and Complaint in this civil action filed on or about September 28, 2015 in the Superior Court of the State of Indiana for the County of Tippecanoe, captioned *Kelly Stanchfield v. Reliance Standard Life Insurance Company*, Case No. 79D01-1508-CT-00080, were served on October 5, 2015 onto Reliance Standard through CT Corporation, its registered agent for purposes of service of process in Indiana.  In compliance with 28 U.S.C. §1446(b), Reliance Standard files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based and within thirty (30) days after service of Summons and Complaint on the first served and only defendant Reliance Standard. (Copies of the Summons and Complaint

1

served upon Reliance Standard are attached hereto as **Exhibit 1**).  Reliance Standard is the only defendant in this matter and no consent to removal is required.  The Complaint is the only pleading that has been received by Reliance Standard and that has been filed with the court at this time in this matter.

Plaintiff Kelly Stanchfield's ("Plaintiff") Complaint sets forth a claim for breach of contract, seeking payment of long term disability benefits, underwritten by Reliance Standard pursuant to the terms of group long term disability insurance policy LTD 114101 ("Policy") issued to Plaintiff's employer, North Montgomery Community School Corporation (Ex. 1 at ¶¶ 3, 5, 11, Ex. A)  Plaintiff further pleads a claim for breach of the covenant of good faith and fair dealing, seeking damages for emotional distress, financial losses, and "other losses due to Reliance Standard's refusal to pay her disability benefits." (Ex. 1 at ¶¶ 12, 13)   Reliance Standard denies that Plaintiff is entitled to any of the relief sought in her Complaint.

## GROUNDS FOR REMOVAL

**A.      Diversity Jurisdiction, 29 U.S.C. § 1332**

This action may be removed to this Court by Reliance Standard pursuant to the provisions of Title 28 of the United States Code, Section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, set forth more fully below.

*1. Diversity of Citizenship*

Reliance Standard is informed and believes and on that basis alleges that Plaintiff is, and at all relevant times was, a resident and citizen of the State of Indiana.  Plaintiff states that she is a citizen of the State of Indiana and a resident of Tippecanoe County, Indiana (Ex. 1 at ¶1.)

Reliance Standard was at the time of the filing of this action, and still is, a citizen of the States of Illinois and Pennsylvania.  It is incorporated under the laws of the State of Illinois and its principal place of business is in Philadelphia, Pennsylvania, as Philadelphia is its corporate headquarters and where its activities are directed, controlled, and coordinated.  *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010); *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (2006) (Corporation is deemed "citizen" for §1332 purposes only where its state of incorporation and state where its principal place of business are located.); *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001).  At no time relevant to Plaintiff's Complaint has Reliance Standard had a principal place of business in Indiana, nor was it incorporated in Indiana.

2. *Jurisdictional Amount*

Plaintiff's Complaint alleges breach of contract and breach of the covenant of good faith and fair dealing.  The damages at issue in this action are in excess of $75,000.00, exclusive of interest and costs.

As of the date of filing of Plaintiff's Complaint (September 28, 2015), Plaintiff's unpaid back long term disability benefits totaled approximately $8,248.75, based on a scheduled monthly benefit of $420.14 for the period of February 9, 2014 through September 28, 2015 (the date of filing of the complaint in this matter). Plaintiff's future benefits assuming continued eligibility through age 65 (xx/xx/2045) total approximately $146,334.76.

Additionally, given that Plaintiff also pleads a violation of the covenant of good faith and fair dealing, should she be able to satisfy her burden (which Reliance Standard maintains she cannot and will not), Plaintiff may be entitled to an additional punitive damage award of three times compensatory damages or $50,000, whichever is greater. Ind. Code 34-51-3-4.  It is

undisputed that Indiana law permits the recovery of punitive damages in bad faith cases. *Erie v. Hickman*, 622 N.E.2d 515 (Ind. 1993); *Lumbermens Mut. Cas. Co. v. Combs*, 873 N.E.2d 692 (Ind. Ct. App. 2007); *transfer denied* 891 N.E.2d 39 (Ind., Feb. 22, 2008). Moreover, punitive damages are properly considered in determining the amount in controversy in cases alleging bad faith relative to a denial of long term disability benefits, such as the present one. *See Paddack v. Life Ins. Co. of N. Am.*, No.: 4:09-CV-25-TS, 2009 U.S. Dist. LEXIS 75032 (N.D. Ind. Aug. 24, 2009); *compare LM Ins. Co. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (holding punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law.)

Accordingly, Plaintiff may be entitled to $8,248.75 in benefits, plus an additional award of $50,000 in punitive damages, for a total of $58,248.75. *Compare Paddack, supra.*

Yet, Plaintiff also seeks damages for emotional distress, financial losses, interest and other losses based upon the alleged improper denial of benefits, (Ex. 1 at ¶ 12, prayer for relief), which Reliance Standard estimates to likely be in excess of $75,000 by themselves – or at least $16,751.26. In *Paddack*, *supra*, the Northern District of Indiana, being confronted with a very similar lawsuit and request for removal, held that it was reasonable for defendant to assume that the amount allocated to damages for emotional distress, financial losses, interest and other losses resultant from the denial of benefits exceeds $16,000.00. *See Paddack*, at *17. Equally reasonable is Reliance Standard's estimate in this matter to allocate at least $16,751.26 to the same cluster of damages. *See Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2003) (stating that a good faith estimate of the amount in controversy is acceptable to support removal if it is plausible); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *see also Rising-Moore v. Red Roof Inns, Inc.*, 2004 WL 1453602, at *1 (S.D. Ind. 2004) (permitted adding damage

1937208v.1

increments for lost income, pain and suffering, permanent head and neurological impairments, and other losses to satisfy the jurisdictional limit of $75,000.00), *aff'd on other grounds*, 435 F.3d 814 (7th Cir. 2006).

Accordingly, the total comprised alleged damages sought by Plaintiff in this matter exceed the jurisdictional minimum of $75,000.00. Because the jurisdictional minimum is satisfied and the parties are of diverse citizenship, the Court has jurisdiction of this action under 28 U.S.C. §1332. Reliance Standard is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332 and 1441.

## **CONCLUSION**

Reliance Standard has complied with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

Notice of filing for removal will be promptly given to the State of Indiana, Tippecanoe County Superior Court. Additionally, Reliance Standard will serve its responsive pleadings to the Complaint within seven (7) days after filing this petition for removal, pursuant to Fed. R. Civ. P. 81(c) and 6(a), or such subsequent time as set by stipulation of the parties or order of the Court.

WHEREFORE, Defendant, Reliance Standard Life Insurance Company, respectfully notified that this cause has been removed from the Tippecanoe County Superior Court, State of Indiana, to the United States District Court for the Northern District of Indiana, Lafayette Division, pursuant to the provisions of 28 U.S.C. §1446 and the Local Rules of the United States District Court for the Northern District of Indiana.

Dated: October 20, 2015								Respectfully Submitted,

									**RELIANCE STANDARD LIFE**
									**INSURANCE COMPANY, Defendant**


							By:		*/s/ Edna S. Kersting*
									Edna S. Kersting
									WILSON, ELSER, MOSKOWITZ,
									 EDELMAN & DICKER LLP
									55 West Monroe Street, Suite 3800
									Chicago, Illinois 60603
									Tel: (312) 821-6162
									Fax: (312) 704-1522
									edna.kersting@wilsonelser.com

1937208v.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 20, 2015, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

Melissa A. Davidson
CHARLES D. HANKEY
LAW OFFICE
434 E. New York Street
Indianapolis, IN 46202
Phone: (317) 634-8565
Fax: (317) 634-9818

*/s/ Edna S. Kersting*
Edna S. Kersting